UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDMUNDO RAMOS MATA, on behalf of himself, FLSA Collective Plaintiffs, and the Class,

                          Plaintiff,

- against -

FOODBRIDGE LLC d/b/a PRINTON 56, et al.,

                          Defendants.

**OPINION AND ORDER**
**14 Civ. 8754 (ER)**

Ramos, D.J.:

      Edmundo Ramos Mata ("Plaintiff") brings this action individually and on behalf of persons similarly situated against Foodbridge LLC d/b/a Printon 56, Lets Eat Bakery Corp. d/b/a Fresh 'n' Delish, Thomas A. Printon, Guy Goldmeer, Amin [Last Name Unknown] and Russell [Last Name Unknown] (collectively, "Defendants"). Compl. at 1 (Doc. 2). In the Complaint, Plaintiff alleges violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 *et seq.*, and New York Labor Law ("NYLL"). Presently before the Court is Plaintiff's motion for: (1) conditional certification of this action as a representative collective action pursuant to the FLSA; (2) court-facilitated notice of the pendency of the action; (3) approval of Plaintiff's proposed notice and consent forms; and (4) production by Defendants of contact information for all "Covered Employees." Doc. 10 (Pl.'s Mot.). For the following reasons, Plaintiff's motion is GRANTED in part and DENIED in part.

**I.     BACKGROUND**[1]

Defendants operate two food service establishments in Manhattan:  one at 50 West 56th Street ("Printon 56"), and another at 1167 2nd Avenue ("Fresh 'n' Delish," and, together with Printon 56, the "Restaurants").  Compl. ¶ 6.  The Restaurants allegedly function as a single integrated enterprise:  They engage in related activities; they share common ownership and a common business purpose; their menu items and employees are "interchangeable"; and food supplies and ingredients for both Restaurants are prepared at Printon 56 each day and sent to Fresh 'n' Delish.  *Id.* ¶ 7.  Plaintiff was employed by Defendants as a pizza counterperson at Printon 56 from on or about July 5, 2010 until on or about July 15, 2014.  Mata Decl. ¶ 1 (Doc. 12).  In addition, he was required to work at Fresh 'n' Delish once per week, helping to organize and clean the counter.  *Id.* ¶ 3.

Plaintiff alleges that during his employment by Defendants, he worked more than forty hours per week and more than ten hours per day.  *Id.* ¶ 4.  Specifically, he was scheduled to work from 8 a.m. to 8 p.m. seven days per week, except for the fourth week of each month when he worked from 8 a.m. to 8 p.m. six days per week.  *Id.*  On average, Plaintiff worked eighty-one hours per week during his employment by Defendants.  *Id.*  In his Complaint and a declaration submitted with the instant motion (the "Mata Declaration"), Plaintiff alleges that he was paid in cash at a "straight time rate" for the hours he worked, including those over forty per week; was not paid at the proper overtime rate of time-and-one-half when he worked more than forty hours in a given workweek; and was not paid a spread-of-hours premium for workdays exceeding ten hours.  *Id.* ¶¶ 2-4.  He additionally claims that he never received wage notices or wage

---

[1] The following facts, assumed to be true for purposes of the instant motion, are drawn from the allegations in the Complaint, Doc. 2, and the declaration filed by Plaintiff in support of his motion, Doc. 12 ("Mata Decl."). *See She Jian Guo v. Tommy's Sushi Inc.*, No. 14 Civ. 3946 (PAE), 2014 WL 5314822, at *4 (S.D.N.Y. Oct. 16, 2014).

statements as required by the NYLL and was forced to sign fraudulent documents, which falsely indicated that he had been paid for his overtime work. *Id.* ¶¶ 7-8.

According to Plaintiff, in the course of his daily work at Printon 56 and his weekly shifts at Fresh 'n' Delish, he learned that both Restaurants followed the same wage and hour policies and that other non-managerial employees at the Restaurants worked similar hours to his on similar schedules for similar pay. *Id.* ¶¶ 2-4. He asserts, based on "observations and conversations with other employees," that others also were not paid their overtime and spread-of-hours wages, did not receive wage notices and wage statements, and were forced to sign fraudulent documents. *Id.* ¶¶ 5-8. Plaintiff consequently filed suit on November 3, 2014, on his own behalf and on behalf of "all non-exempt persons including cooks, line-cooks, dishwashers, food preparers, cashiers, delivery persons, and counter persons employed by Defendants" within the last six years ("Covered Employees"). Compl. ¶ 12. He submitted this motion for conditional certification on February 27, 2015. Doc. 10. Defendants oppose. Doc. 17.

## II.    LEGAL STANDARD

Pursuant to the FLSA, an individual may file suit against an employer on behalf of himself and "other employees similarly situated" who give "consent in writing" to become party plaintiffs. 29 U.S.C. § 216. "District courts have discretion to facilitate this collective action mechanism by authorizing that notice be sent to potential plaintiffs informing them of 'the pendency of the action and of their opportunity to opt-in as represented plaintiffs.'" *Mark v. Gawker Media LLC*, No. 13 Civ. 4347 (AJN), 2014 WL 4058417, at *2 (S.D.N.Y. Aug. 15, 2014) (quoting *Myers v. Hertz Corp.,* 624 F.3d 537, 554 (2d Cir. 2010)).

The Second Circuit Court of Appeals has endorsed a two-step framework for determining whether the court should certify a case as a collective action under § 216(b). *See Myers,* 624

F.3d at 554-55.  This process entails analysis of whether prospective plaintiffs are "similarly situated" at two different stages:  an early "notice stage" and again after discovery is fundamentally complete.  *See McGlone v. Contract Callers, Inc.*, 867 F. Supp. 2d 438, 442 (S.D.N.Y. 2012) (citing *Bifulco v. Mortgage Zone, Inc.,* 262 F.R.D. 209, 212 (E.D.N.Y. 2009)).  At stage one, the court makes "an initial determination to send notice to potential opt-in plaintiffs who may be 'similarly situated' to the named plaintiffs with respect to whether a FLSA violation has occurred."  *Myers*, 624 F.3d at 555.   At stage two, after additional plaintiffs have opted in, "the district court will, on a fuller record, determine whether a so-called 'collective action' may go forward by determining whether the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs."  *Id.*   If the court concludes that they are not, the action may be "de-certified."  *See Mark*, 2014 WL 4058417, at *2 (citing *Myers*, 624 F.3d at 555).

Here, Plaintiff seeks an initial determination of the propriety of notice to putative plaintiffs.  "Because minimal evidence is available" at this early stage of the proceedings, and because the court "retain[s] the ability to reevaluate whether the plaintiffs are similarly situated," Plaintiff faces a "relatively lenient evidentiary standard."  *McGlone*, 867 F. Supp. 2d at 442 (quoting *Mentor v. Imperial Parking Sys., Inc.*, 246 F.R.D. 178, 181 (S.D.N.Y. 2007)).  He need only "make a modest factual showing that [he] and potential opt-in plaintiffs together were victims of a common policy or plan that violated the [FLSA]."  *Romero v. ABCZ Corp.*, No. 14 Civ. 3653 (AT), 2015 WL 2069870, at *1 (S.D.N.Y. Apr. 28, 2015) (citing *Myers*, 624 F.3d at 555).  That said, "certification is not automatic."  *Romero v. H.B. Auto. Grp., Inc.*, No. 11 Civ. 386 (CM), 2012 WL 1514810, at *10 (S.D.N.Y. May 1, 2012).  Plaintiff's burden of proof is low, but "it is not non-existent."  *Sanchez v. JMP Ventures, L.L.C.*, No. 13 Civ. 7264 (KBF), 2014 WL 465542, at *1 (S.D.N.Y. Jan. 27, 2014).  The "modest factual showing" required for

4

conditional certification "cannot be satisfied simply by unsupported assertions." *Myers*, 624 F.3d at 555 (citation omitted).  Plaintiff must offer "actual evidence of a factual nexus" between his own experience and the experiences of those he claims as "similarly situated," rather than "mere conclusory allegations." *Qing Gu v. T.C. Chikurin, Inc.*, No. 13 Civ. 2322 (SJ) (MDG), 2014 WL 1515877, at *3 (E.D.N.Y. Apr. 17, 2014) (citing *Flores v. Osaka Health SPA, Inc.*, No. 05 Civ. 962 (VM) (KNF), 2006 WL 695675, at *2 (S.D.N.Y. Mar. 16, 2006)).

In considering Plaintiff's motion, "the [C]ourt does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations." *Cunningham v. Elec. Data Sys. Corp.*, 754 F. Supp. 2d 638, 644 (S.D.N.Y. 2010) (quoting *Lynch v. United Services Auto. Ass'n.*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007)).  It merely "examines the pleadings and affidavits to determine whether the named plaintiffs and putative class members are similarly situated." *McGlone*, 867 F. Supp. 2d at 442 (citation omitted).  If the Court finds that they are, it will conditionally certify the class and order that notice be sent to potential class members.  *See Cunningham,* 754 F. Supp. 2d at 644.

## III.   DISCUSSION

Plaintiff's sole support for his conditional certification motion is a ten-paragraph declaration in which he describes the terms of his own employment and compensation by Defendants and alleges that, through observations of and conversations with other employees, he learned that they were subject to similar violations of the FLSA and NYLL.  Mata Decl. ¶¶ 2-8.[2] Defendants oppose conditional certification on the grounds that Plaintiff's allegations are vague and unsupported.  Def.'s Opp'n at 1-2 (Doc. 17).  In particular, they take issue with the fact that

---

[2] In addition, Plaintiff attaches several exhibits to his memorandum of law, including:  a proposed court-authorized "Notice" form declaring the pendency of this lawsuit; a proposed "Consent to Sue" form to be completed by opt-in plaintiffs; copies of New York State Department of State corporate certificates for Lets Eat Bakery Corp. and Foodbridge LLC; and two copies of the Fresh 'n' Delish menu posted on www.menupages.com.  Doc. 11, Exs. A-E.

Plaintiff's proof consists only of the "conclusory allegations" in his personal declaration, accompanied by no other supporting affidavits or documentation. *Id.* at 3.

Defendants are wrong to suggest that Plaintiff was required to buttress his motion with affidavits besides his own or with other documentary evidence. Rather, "courts in this circuit have routinely granted conditional collective certification based solely on the personal observations of one plaintiff's affidavit." *Hernandez v. Bare Burger Dio Inc.*, No. 12 Civ. 7794 (RWS), 2013 WL 3199292, at *3 (S.D.N.Y. June 25, 2013) (collecting cases); *see also Ramos v. Platt*, No. 13 Civ. 8957 (GHW), 2014 WL 3639194, at *2 (S.D.N.Y. July 23, 2014) ("[C]ontrary to Defendants' arguments, conditional certification may be granted on the basis of the complaint and the plaintiff's own affidavits."). Plaintiff could, theoretically, make the "modest factual showing," *Myers*, 624 F.3d at 555, required at this stage of the proceeding with only the allegations contained in his Complaint and personal affidavit. However, the declaration actually submitted by Plaintiff in support of his motion does not suffice.

First, although Plaintiff worked only as a pizza counterperson during his four-year employment by Defendants, Mata Decl. ¶ 1, he endeavors to represent an "overly broad class," *Qing Gu*, 2014 WL 1515877, at *4, comprised of cooks, line-cooks, food preparers, dishwashers, delivery persons, counter persons, and cashiers employed by Defendants within the last six years. Doc. 10; Compl. ¶ 12. And while his declaration lists the names and titles of seventeen coworkers—including food preparers, pizza men, counter persons, a cook, a grill man, a juice preparer, a porter, a delivery person, a dishwasher, and a panini preparer—who he ostensibly observed doing work the same or similar to his own (the "Named Coworkers"), Mata Decl. ¶ 2, he includes no concrete facts evidencing a common scheme or plan of wage and hour violations for employees engaged in different job functions. *See Sanchez*, 2014 WL 465542, at *1-2

6

(noting the insufficiency of allegations by a plaintiff employed solely as a delivery person pertaining to a class of all tipped employees, including delivery persons, bussers, runners, waiters, and bartenders); *see also Garcia v. Spectrum of Creations Inc.*, No. 14 Civ. 5298 (AJN) (GWG), 2015 WL 2078222, at *7 (S.D.N.Y. May 4, 2015) (limiting a collective action to individuals who, like plaintiffs, performed food preparation or delivery functions). Plaintiff asserts that he worked for Defendants for four years and spent time at both Restaurants but provides no factual support demonstrating knowledge of a common scheme impacting the diverse array of employees covered in his Complaint.

Second, although Plaintiff relies exclusively on observations of and conversations with coworkers to make the factual showing required of him at this stage of the proceeding, he "does not . . . provide *any* detail as to a *single* . . . observation or conversation" informing his decision to bring a collective action. *Sanchez*, 2014 WL 465542, at *2 (emphasis in original). Yet, as other courts in this district have held, information regarding "where or when these observations or conversations occurred . . . is critical in order for the Court to determine the appropriate scope of the proposed class and notice process." *Id.*; *see also, e.g.*, *She Jian Guo v. Tommy's Sushi Inc.*, No. 14 Civ. 3946 (PAE), 2014 WL 5314822, at *3 (S.D.N.Y. Oct. 16, 2014) (denying conditional certification of a class of all hourly paid, non-managerial employees based on "unsupported assertions" regarding discussions and comparisons among coworkers); *Ikikhueme v. CulinArt, Inc.*, No. 13 Civ. 293 (JMF), 2013 WL 2395020, at *2-3 (S.D.N.Y. June 3, 2013) (denying conditional certification motion premised only on a plaintiff's personal declaration containing "unsupported assertions" regarding other employees). Such details are particularly important where a conditional certification motion is based on the lone affidavit of a single employee, who performed a single job function. *See Garcia*, 2015 WL 2078222, at *6

(comparing a motion supported by the affidavits of two employees who "corroborate[d] each others' personal treatment and observations of the treatment of other employees" with the motion at issue in *Sanchez*, 2014 WL 465542, in which a single plaintiff attempted to certify a class encapsulating individuals who performed multiple job functions at three separate locations).

Ultimately, Plaintiff's brief declaration merely summarizes the FLSA and NYLL violations that he allegedly suffered in the course of his own employment by Defendants and claims that other non-managerial employees at the Restaurants were subject to similar wage and hour practices.  Mata Decl. ¶¶ 3-8.  His Complaint provides no greater detail, stating only that he and the Covered Employees "are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules."  Compl. ¶ 13. Accordingly, based only on the Complaint and declaration, conditional certification would be inappropriate at this juncture.  *See Sanchez*, 2014 WL 465542, at *1 ("Though . . . the bar for conditional certification of a collective action under the FLSA is low, it is not this low.").

However, "[e]ven where a plaintiff's motion to certify an FLSA collective action fails to assert facts sufficient to meet the § 216(b) threshold, courts in this district have often ordered the disclosure of contact information for potential opt-in plaintiffs so that discovery into the collective allegations could continue and the plaintiffs could renew their motion for certification at a later date." *Guan Ming Lin v. Benihana Nat'l Corp.,* 755 F. Supp. 2d 504, 513 (S.D.N.Y. 2010) (collecting cases).  Therefore, "mindful of the remedial purpose" of the FLSA and the Court's broad power to authorize discovery in an FLSA action, *Flores*, 2006 WL 695675, at *4, the Court will, in part, grant Plaintiff's request for an order of discovery.  Defendants are directed to provide Plaintiff with the full names, job titles, last known mailing addresses, email

addresses, telephone numbers, and dates of employment of the seventeen Named Coworkers identified in the Mata declaration, Doc. 12 at 1-2. *See Whitehorn v. Wolfgang's Steakhouse, Inc.*, No. 09 Civ. 1148 (LBS), 2010 WL 2362981, at *3 (S.D.N.Y. June 14, 2010) (directing production of prospective class members' names, addresses, and telephone numbers to "facilitate the speedy collection of data so that Plaintiff may quickly move for conditional certification"); *Fei v. WestLB AG*, No. 07 Civ. 8785 (HB) (FM), 2008 WL 7863592, at *2 (S.D.N.Y. Apr. 23, 2008) ("[C]onditional certification is not a prerequisite to the turnover of information concerning the identity of potential class members."). At this time, the Court directs such disclosure only for the Named Coworkers rather than the entire putative class of Covered Employees as a result of the potential scope of the latter. Additionally, at present, the Court declines to order production of the Named Coworkers' social security numbers out of concern for the privacy of those individuals. *See Guan Ming Lin*, 755 F. Supp. 2d at 514 (noting the existence of "a split in the Southern District of New York with respect to the disclosure of putative FLSA collective action members' social security numbers," and collecting cases).

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's motion for conditional certification and court-authorized notice is DENIED without prejudice to its renewal upon a more developed factual record. *See Feng v. Hampshire Times*, No. 14 Civ. 7102 (SHS) (JLC), 2015 WL 1061973, at *4 (S.D.N.Y. Mar. 11, 2015); *see also Myers*, 624 F.3d at 558 (noting that a district court "may continually evaluate, as the case progresses," whether notice of a pending FLSA action should be provided to potential opt-in plaintiffs). However, Defendants are hereby DIRECTED to produce to Plaintiff, in Excel format, the aforementioned information regarding the Named Coworkers

identified in Plaintiff's declaration. The Clerk of Court is respectfully directed to terminate the motion, Doc. 10.

It is SO ORDERED.

Dated: June 1, 2015
       New York, New York

                                    Edgardo Ramos
                                    United States District Judge